UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00180-MR

| | |
|---|---|
| JAMES A. MACROGLOU, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FNU GIBSON, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 3, 6].

**I.   BACKGROUND**

Pro se Plaintiff James A. Macroglou is a prisoner of the State of North Carolina currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. On August 25, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Gibson, identified as a Correctional Officer at Craggy Correctional Center in Asheville, North Carolina, in his individual capacity. [Doc. 1 at 2]. Plaintiff alleges that, on August 29, 2019, Defendant Gibson, "without provocation or justification, sprayed [Plaintiff] in [his] left eye at point-blank range with Oleoresin

Capsicum,[1] [Gibson's] spray burst lasting a full second or more and thereby tearing a muscle inside [Plaintiff's] eyeball." [Id. at 4]. A muscle in Plaintiff's eye "collapsed due to extreme pressure from [the] spray jet," leaving Plaintiff with permanent, untreatable vision impairment. [Id.].

For injuries, Plaintiff claims permanent physical injury to his eye. For relief, Plaintiff seeks compensatory and punitive damages and unspecified declaratory relief. [Id. at 4].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[1] The active ingredient in pepper spray.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although not identified by Plaintiff, the Court will construe Plaintiff's claim under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must

satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant in his individual capacity.

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim against Defendant survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant in his individual capacity passes initial review.

4

Case 1:22-cv-00180-MR   Document 7   Filed 09/27/22   Page 4 of 5

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Gibson, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge

5

Case 1:22-cv-00180-MR   Document 7   Filed 09/27/22   Page 5 of 5