# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:22-cv-00180-MR

| | |
|---|---|
| JAMES A. MACROGLOU,     **)** | |
|        **)** | |
|     **Plaintiff,**     **)** | |
|        **)** | |
| **vs.**     **)** | **ORDER** |
|        **)** | |
| **FNU GIBSON,**     **)** | |
|        **)** | |
|     **Defendant.**     **)** | |
| _____**)** | |

      **THIS MATTER** is before the Court on its own motion.

      On November 28, 2022, the North Carolina Department of Public Safety (NCDPS) filed a document under seal indicating it was unable to procure a waiver of service for Defendant FNU Gibson for the reasons stated in that document.[1] [Doc. 12]. The sealed document provides the last known address for Defendant Gibson. [See id.].

      Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals

---

[1] Defendant's true full name is Stephen C. Gibson. [See Doc. 12]. The Court will instruct the Clerk to update the docket accordingly.

Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that a request for waiver of service was submitted to the NCDPS, no waiver from Defendant Gibson was obtained. As such, it does not appear that Defendant Gibson actually ever received service of process. With the additional information supplied for service on Defendant Gibson, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on Defendant Gibson in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 12 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Gibson.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, Docket No. 12, and the Complaint [Doc. 1] to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Gibson in accordance with Rule 4.

The Clerk is respectfully instructed to update the docket in this matter to reflect the full name of Defendant FNU Gibson as Stephen C. Gibson.

**IT IS SO ORDERED.**

Signed: November 28, 2022

Martin Reidinger
Chief United States District Judge

3