UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00180-MR

| | |
|---|---|
| JAMES A. MACROGLOU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| STEPHEN C. GIBSON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on review of the docket in this matter and Defendant's Motion to Dismiss for Failure to Prosecute [Doc. 27].

Pro se Plaintiff James A. Macroglou ("Plaintiff") filed this action on August 25, 2022, pursuant to 42 U.S.C. § 1983 against Defendant Stephen C. Gibson, identified as a Correctional Officer at Craggy Correctional Center in Asheville, North Carolina. [Doc. 1]. The Court conducted initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and Plaintiff's excessive force claim survived initial review. [Doc. 7]. Defendant Gibson answered Plaintiff's Complaint and the Court entered its scheduling order. [Docs. 19, 20]. On September 1, 2023, the Court granted Defendant's motion for an extension of the dispositive motions deadline by Text Order and the Clerk mailed Plaintiff a copy of this Text Order at his address of

record at Scotland Correctional Institution in Laurinburg, North Carolina. [9/1/2023 Text Order; 9/1/2023 Docket Entry]. On October 10, 2023, the Text Order was returned to the Clerk as undeliverable. [Doc. 25]. The Clerk, therefore, entered a Notice instructing the Plaintiff that he must notify the Clerk of any changes to his address within 14 days of the Notice and that the failure to do so may result in the dismissal of this action. [10/11/2023 Text-Only Notice]. The Clerk checked the North Carolina Department of Adult Corrections online inmate locator and learned that Plaintiff was released from Scotland Correctional Institution on June 29, 2023. [10/11/2023 (Court only) Staff note]. The Clerk also noted that it was unable to locate an address for the Plaintiff to which to send the Notice.[1] [Id.].

The deadline has passed, and Plaintiff has not notified the Court of his new address. The Court will, therefore, dismiss this action without prejudice for Plaintiff's failure to prosecute. The Court will deny Defendant's Motion to Dismiss for Failure to Prosecute, in which Defendant asks the Court to enter an Order giving Plaintiff fourteen (14) days to formally advise the Court whether he intends to prosecute this matter, as moot. As noted, Plaintiff has not updated his address as required and such Order would not reach

---

[1] In the meantime, another Text Order extending the dispositive motions deadline that was sent to Plaintiff was returned as undeliverable. [Doc. 26; see 10/2/2023 Text Order].

Plaintiff, in any event.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute [Doc. 27] is **DENIED** as moot.

The Clerk is instructed to terminate this action.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge